AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                            CASE NO: 05-MJ-20028-BC

ROBERT L. KACER
_____/

### ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I: Findings of Fact**

Does not apply.

### Alternative Findings (A)

Does not apply.

### Alternative Findings (B)

(1)   There is a serious risk that the defendant will not appear.

(2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II: Written Statement of Reasons for Detention**

Pending before the Court is the Government's motion to detain the defendant pending further proceedings. The Government moves pursuant to 18 U.S.C. § 3142 and does not maintain that any of the presumptions in favor of detention apply in this case, and the Court agrees with that position. As a result, I consider the evidence presented under the standards set forth in 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I note that the offenses charged are petty offenses brought by way of violation notices issued by the Veterans Hospital Police Department. It appears that at this time, no grand jury proceedings are contemplated.

As to the factors set forth in subsection 3142(g)(3), I note that the defendant has been a long time resident of Saginaw, and currently lives at a residential motel on State Street. The defendant has been unemployed for at least 15 years and receives veterans disability benefits as a result of his prior military service.

The defendant is not in good health and is regularly seen at the Veterans Hospital in Saginaw. The defendant has an extremely lengthy criminal history, going back almost 40 years. The defendant has at least 11 arrests and convictions for operating under the influence of liquor or impaired driving. At this time, he has no valid drivers license. In addition, the defendant has been convicted of criminal sexual assault, larceny in a building, attempted obstruction of justice, theft of government property, criminal sexual conduct - 4th degree, retail fraud, and multiple convictions for entering the Veterans Hospital in Saginaw under the influence of alcohol.

I agree with the Assistant U.S. Attorney's view that the defendant's primary problem is the abuse of alcohol. I also regrettably agree that the defendant's abuse of alcohol leads him to other criminal activity, the nature of which poses a threat to others, particularly those who attempt to treat him at the Veterans Hospital. From the deterioration of the defendant's physical condition I have witnessed during his multiple prior court appearances, I also conclude that the defendant is a threat to himself.

In previous cases, I have made use of every available alternative at my disposal in an attempt to seek a set of circumstances which minimizes the defendant's ability to

2

be a threat to others and to himself.  Every one of those prior attempts has failed.  The defendant proffers through his counsel that he could be returned to his present residence and that his brother could check on him on a regular basis.  Regrettably, this is the same set of circumstances that has gone on for a number of years and which has not deterred repeated violations, threats, and instances of potential harm to others and to the defendant himself.  I therefore conclude that bond is not a viable alternative available under the standards of the Bail Reform Act.

A strong argument could be made that this defendant is not a candidate for incarceration.  A strong argument can be made that this defendant is a good candidate for other alternatives.  However, as mentioned, every alternative available to me has already been attempted and has proven unsuccessful.   The motion to detain is therefore granted.

**Part III:  Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                        s/ *Charles E. Binder*
                                        CHARLES E. BINDER
Dated: July 14, 2005             United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on James Brunson and George Bush, and served on the U.S. Marshal's Service and Pretrial Services in the traditional manner.

Date: July 14, 2005                    By     s/Jean L. Broucek
                                                      Case Manager to Magistrate Judge Binder